399 So.2d 583 (1981)
STATE of Louisiana In the Interest of Rhonda JARRELL.
No. 81-CK-1250.
Supreme Court of Louisiana.
June 5, 1981.
Granted and reversed. The case is remanded to the juvenile court for further proceedings.
DENNIS, J., concurs for reasons assigned.
DENNIS, Justice, concurring.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court quoted with approval the following statement of the Pennsylvania Supreme Court: "the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, ... the permissible range of sentences." 395 U.S. at 244, fn. 7, 89 S.Ct. at 1713, 23 L.Ed.2d at 280, citing, Commonwealth ex rel. West v. Rundle, 428 *584 Pa. 102, 105-106, 237 A.2d 196, 197-198 (1968). Neither the United States Supreme Court nor this court has ever held, however, that the failure of the trial judge to inform the defendant of the maximum sentence invariably requires the guilty plea to be found constitutionally infirm. See United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); State v. Galliano, 396 So.2d 1288 (La.1981); State v. MacDonald, 390 So.2d 1276 (La.1980); State v. Langendorfer, 389 So.2d 1271 (La.1980); State v. Muse, 367 So.2d 789 (La.1979). Although a constitutional question may be raised as to whether the plea was intelligently entered where the defendant is misinformed of the maximum sentence, or where the defendant is told nothing regarding the applicable punishment provisions, and may not have entered the plea had he been correctly informed, I do not believe this negotiated plea suffers from either deficiency.