663 So.2d 285 (1995)
STATE of Louisiana, Plaintiff-Appellant,
v.
James T. BAUM, Defendant-Appellee.
No. CR95-384.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
Writ Denied February 9, 1996.
*286 J. Reed Walters, Dist. Atty., for State.
Mark L. Talley, Jena, for James T. Baum.
Before KNOLL, THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
Defendant, James T. Baum, was charged by bill of information filed on April 25, 1994, with Driving While Intoxicated Third Offense, in violation of La.R.S. 14:98. Defendant pled not guilty on May 3, 1994. On January 17, 1995, defendant filed a Motion to Quash the bill of information, alleging that the two prior DWI convictions "were the subject of improper and ultimately defective Boykinizations." A hearing on defendant's motion was held on January 30, 1995. At the hearing, the trial court granted defendant's motion, finding that at neither of defendant's previous pleas to the offense of DWI was he advised of the possible range of penalties and the consequences of repeat DWI's in the future. The state now appeals the trial court's ruling, alleging one assignment of error.

FACTS
On January 29, 1994, defendant was arrested for Driving While Intoxicated. Because he pled guilty to Driving While Intoxicated on two previous occasions, defendant was charged with DWI third offense. Defendant's two previous guilty pleas took place on January 12, 1993, and July 13, 1993.
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR
The state argues the trial court erred in granting defendant's Motion to Quash the bill of information because defendant's prior guilty pleas were defective. In particular, the state asserts the following assignment of error:
The trial court erred in determining that the two (2) previous pleas of guilty one dated January 12, 1993 and one dated July 13, 1993 in the matters of State of Louisiana vs. James T. Baum, Docket Number 42175 and 43424 of the records of the Thirty-Seventh Judicial District Court were defective under Boykin v. State of Alabama and State ex rel. Jackson vs. Henderson.

Defendant argued that his two previous pleas of guilty should be quashed because they were subject to defective boykinizations, citing Boykin v. Alabama and State ex rel. Jackson v. Henderson. The trial court granted the defendant's motion, finding that nothing in the transcripts of the two prior pleas indicates that the defendant had a full understanding of the consequences of his pleas. In particular, the trial court stated:
... [T]he court feels that in order for an enhanced penalty case to come before the Court, the prior pleas has [sic] to be done knowingly, intelligently and voluntarily and that includes the trial court at the prior plea advising the defendant what the possible range of sentences are for the crime that he's pleading to and also the consequences as in this case a graded offense, the consequences of further grades of the offense down the road. The Court sustains the Motion to Quash the bill of information based on those particular findings.
In its appellate brief, the state argues that the trial court found the guilty pleas were involuntary because the defendant was not advised that his guilty plea could later be used to enhance the penalty for a future DWI offense. The state correctly cites this court's decision in State v. McMellon, 525 So.2d 1094 (La.App. 3 Cir.), writ denied, 532 So.2d 149 (La.1988), as stating that a trial judge is not required to so inform a defendant. *287 Therefore, the trial court did err insofar as it found error in the previous trial courts' failure to inform defendant that this guilty plea could be used to enhance the penalty for future DWI offenses. Moreover, during defendant's guilty plea entered on July 13, 1993, defendant was in fact informed that any DWI offense committed by the defendant within the next five (5) years would be a more serious offense, and carry a greater penalty.
The state further claims the trial court erred in finding that any discussion of penalties was necessary. The state argues that "[t]he jurisprudence of this state is clearly to the effect that the district courts are not required to discuss penalties in order to make certain that the accused gives a knowing, intelligent and voluntary plea." The state contends the jurisprudence has constantly and uniformly indicated that the four areas as set forth below are the only requirements to ascertain that the defendant is giving a full, complete, knowing and intelligent plea. The four areas referred to by the state are 1) the defendant's right to be advised of his right against self-incrimination; 2) the defendant's right to be advised of his right to a jury trial; 3) the defendant's right to be advised of his right to confront his accusers; and 4) the defendant's right to be advised of the consequences of pleading guilty without representation of counsel.
Although there has been some appellate court decisions to the contrary, the Louisiana Supreme Court has never required that a defendant be advised of the possible range of penalties before he pleads guilty. The source of the confusion among the different appellate court decisions is the following footnote cited in the Boykin decision:
A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences. (Citation omitted).

Boykin v. Alabama, 395 U.S. 238, 246, n. 7, 89 S.Ct. 1709, 1713, n. 7, 23 L.Ed.2d 274 (1969).
In 1980, the Louisiana Supreme Court decided a case similar to the present in that both deal with an attack on a prior guilty plea being used to enhance a present offense. In State v. Langendorfer, 389 So.2d 1271 (La.1980), the defendant argued that his prior guilty plea should not have been used to enhance his sentence because he was misinformed by the trial judge as to what the maximum sentence was. When addressing the defendant before he entered his plea, the trial court informed defendant that the maximum sentence he would receive was two (2) years, while in reality the maximum sentence was twenty (20) years. In finding no merit to defendant's argument, the supreme court stated:
Langendorfer was advised that he was waiving his privilege against compulsory self-incrimination; the right to trial by jury, and the right to confront his accusers. Langendorfer was represented by counsel and entered his plea knowingly and voluntarily. The requirements of Boykin v. Alabama, supra, were met.

Langendorfer, 389 So.2d at 1276.
Thus, the supreme court in Langendorfer did not find that a defendant's plea was unknowing and unintelligent even though he was advised of the wrong maximum sentence.
In 1982, the supreme court reversed a first circuit decision to invalidate a guilty plea because the defendant, a 13-year-old juvenile, was not informed "fully" of the possible range of sentences. State in the Interest of Jarrell, 395 So.2d 1382 (La.App. 1 Cir.1981), reversed and remanded in 399 So.2d 583 (La.1981). The first circuit found the juvenile's guilty plea invalid even though the juvenile's counsel testified "that he had fully explained to her her constitutional rights, the nature of the charge against her, her right to a trial and the consequences of a guilty plea." Jarrell, 395 So.2d at 1385. The trial judge also informed the juvenile that she could be "confined to the Louisiana *288 Training Institute for a certain length of time." Id. The court in Jarrell stated:
Although we think it clear from the record that both counsel and the trial judge exhibited great concern for the protection of Rhonda's constitutional rights and for her welfare, we must hold that, in failing to disclose fully the possible consequences of a plea of guilty, they failed to meet the standards imposed by the Boykin case, supra.

 Id.
The state sought writs to the Louisiana Supreme Court, and the supreme court granted the writ, reversing the first circuit's decision. State in the Interest of Jarrell, 399 So.2d 583 (La.1981). Although the supreme court did not render a majority opinion, Justice Dennis concurred with the following reasoning:
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court quoted with approval the following statement of the Pennsylvania Supreme Court: "the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, ... the permissible range of sentences." (Citations omitted). Neither the United States Supreme Court nor this court has ever held, however, that the failure of the trial judge to inform the defendant of the maximum sentence invariably requires the guilty plea to be found constitutionally infirm. (Citations omitted). Although a constitutional question may be raised as to whether the plea was intelligently entered where the defendant is misinformed of the maximum sentence, or where the defendant is told nothing regarding the applicable punishment provisions, and may not have entered the plea had he been correctly informed, I do not believe this negotiated plea suffers from either deficiency.
 Id. at 583-584.
Again, the supreme court refused to require a trial judge to inform a defendant of the maximum possible sentence in order for his guilty plea to be constitutional.
In State v. Nuccio, 454 So.2d 93 (La. 1984), the supreme court dealt with an issue similar to the one before this court in that the defendant in Nuccio claimed the state improperly used an earlier guilty plea as a basis for multiple offender bill when defendant was not informed of the possibility that his guilty plea could later be used in a future multiple offender case. Although Nuccio specifically dealt with the fact that Boykin does not require a trial judge to inform a defendant that his guilty plea can be used as a basis for filing a multiple offender bill against him in the future, the court made the broad assertion that Boykin requires only that a defendant be informed of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. Nuccio, 454 So.2d at 104. "Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions." Id. From our review of the jurisprudence, we conclude the Louisiana Supreme Court has not extended the Boykin colloquy to include advice as to a defendant's possible penalties.
The defendant argues he did not knowingly and intelligently enter his prior pleas since he was unaware of his possible penalties. However, defendant did not raise this argument in his Motion to Quash. Rather, his Motion to Quash merely states that his two prior pleas were defective under Boykin v. Alabama and State ex rel. Jackson v. Henderson. Since the defendant did not specifically raise this argument in his Motion to Quash or at the hearing on his motion, this argument is not properly before this court. We conclude that the trial court erred in finding the defendant's prior pleas should be quashed because the trial judge presiding at those pleas failed to advise the defendant of his possible range of sentences.
The record reveals that the state did introduce sufficient evidence to show the defendant was properly Boykinized at his prior pleas and this collateral attack on his prior pleas is to prohibit their use for enhancement purposes. Defendant was represented by counsel at both pleas. It is apparent from the transcript that the plea entered on January 12, 1993, was pursuant to a plea bargain between the defendant and the state. Defendant's *289 attorney stated, "This plea will be offered under the provisions of Article 894. It's my understanding, upon acceptance by the Court, that the state will drop the Driving Left of Center." The transcript of defendant's plea entered on July 13, 1993, also indicates a plea bargain was agreed to by the parties. Defendant's attorney stated, "Your Honor, I represent Mr. Baum. He intends to plea to driving while intoxicated. It's my understanding the state will drop the careless operation." Finally, in both pleas, defendant received the benefits of La.Code Crim.P. art. 894.
The trial court's grant of defendant's Motion to Quash should be reversed and the case remanded for further proceedings consistent with this ruling.
REVERSED AND REMANDED.
THIBODEAUX, J., dissents and assigns reasons.
THIBODEAUX, Judge, dissenting.
In order for a guilty plea be knowingly, intelligently, and voluntarily made, it is necessary that an accused by informed of the possible ranges of sentences. Otherwise, in my view, the prior plea may not be used as a basis for an enhancement of the grade of the offense or of the penalty.
The majority correctly cites Boykin v. Alabama, 395 U.S. 238, 246, n. 7, 89 S.Ct. 1709, 1713, n. 7, 23 L.Ed.2d 274 (1969) but refuses to follow its very specific admonition. The examination of an accused should include reference to "the permissible range of sentences." Although the Louisiana Supreme Court has not spoken directly on this subject, our circuit has previously given a strong indication that failure to advise an accused of the possible or the permissible range of sentences would result in a constitutional infirmity. In State v. Johnson, 533 So.2d 1288 (La.App. 3 Cir.1988), writ denied, 563 So.2d 873 (La.1990), this court dealt with the consequences of the defendant's lack of knowledge of what the maximum sentence was. The court indicated that "[i]t is doubtful whether the colloquy engaged in by the trial court and relator would satisfy the requisites of Boykin that the guilty plea be knowingly and intelligently entered ... A mere recitation of rights does not always insure the intelligent and voluntary nature of the plea." Id. At 1291-1292. Johnson upheld the guilty plea but only because the defense counsel had explained the guilty plea form and had discussed with the accused the maximum penalty for the crime. Those factors do not exist in this case.
Although not binding on our court, there is persuasive authority from the United States Fifth Circuit Court of Appeals which has uniformly held that a guilty plea is invalid as not being understandably entered if the defendant does not know the maximum penalty possible for the offense. See Fortia v. United States, 456 F.2d 194 (5 Cir.1972); Hill v. United States, 452 F.2d 664 (5 Cir.1971); and, Tucker v. United States, 409 F.2d 1291 (5 Cir.1969).
For the foregoing reasons, I respectfully dissent and would affirm the trial court's ruling quashing the bill of information.