707 So.2d 122 (1998)
STATE of Louisiana
v.
Garland NEWMAN.
No. 97-797.
Court of Appeal of Louisiana, Third Circuit.
January 28, 1998.
*123 J. Reed Walters, District Attorney, for State.
Rebel Garnett Ryland, Columbia, for Garland Newman.
En Banc.
This is a writ application from Relator, Garland Newman. Relator was convicted of driving under the influence of intoxicating beverages, second offense, which is a violation of La.R.S. 14:98. He was sentenced to ninety days in the parish jail. The sentence was suspended, and he was placed on supervised probation for one year or until his driver's license is returned, whichever is longer. Additionally, Relator was ordered to pay a fine of $750.00 plus costs, or in default thereof, to serve a period of seventy-five days in the parish jail.
Prior to the trial on the merits, Relator filed a motion to quash, attacking the predicate DWI offense. This motion was denied by the trial court. Although several grounds for quashing the prior DWI offense were raised at the hearing, Relator focuses on only one issue in this application. Specifically, Relator claims the trial court failed to inform him of the maximum sentence for his first DWI offense at his December 11, 1991 court proceeding at which he entered a guilty plea. He claims the conviction could not be used as a predicate offense for the purpose of obtaining a DWI, second offense, since he was not informed of the permissible range of sentences. The cases cited by Relator are predicated on a footnote in Boykin v. Alabama, 395 U.S. 238, 244 n.7, 89 S.Ct. 1709, 1713 n.7, 23 L.Ed.2d 274 (1969):
A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences. Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 105-106, 237 A.2d 196, 197-198 (1968).
Emphasis added.
The issue presently before this court is whether, under Boykin and its progeny, the trial court is required to advise the defendant of the range of penalties for the offense to which he is pleading. Although this issue is raised by collateral attack of a predicate offense in the case sub judice, this is of no moment to the resolution of the issue. On our own motion, we have considered this issue en banc. Recently, this court visited the issue in State v. Baum, 95-384 (La.App. 3 Cir. 10/4/95), 663 So.2d 285, writ denied, 95-2685 (La.2/9/96), 667 So.2d 528. We noted in Baum that "the Louisiana Supreme Court has not extended the Boykin colloquy to include advice as to a defendant's possible penalties." Id. at 288. We find this is a correct statement of the law and we reaffirm our earlier holding.
The issue in this case revolves around language contained in a footnote in Boykin. The text of Boykin which references the footnote, reads:
When the judge discharges that function, he leaves a record adequate for any review that may be later sought and forestalls the spin-off of collateral proceedings that seek to probe murky memories.
Boykin v. Alabama, 395 U.S. at 244, 89 S.Ct. at 1712-13. (Citations omitted). This language does not indicate the Supreme Court adopted or attempted to adopt the Pennsylvania Supreme Court's holding quoted in the footnote. Furthermore, the cited reference from Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196 (1968) does not indicate the Pennsylvania Supreme Court required that the permissible range of sentences be given to a defendant before his *124 plea would be valid; it only advised this procedure be followed to insulate the conviction from attack. This position is further supported by the following quote from Boykin:
Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record.
Boykin v. Alabama, 395 U.S. at 243, 89 S.Ct. at 1712. (Citations omitted).
These three rights have commonly been referred to as Boykin rights. Of special note is the fact the Court did not include in this list of rights that a defendant be advised of the permissible range of sentences before a plea can be held to be knowingly and voluntarily entered. We recognize Act 1061 of the 1997 Louisiana Legislative Session enacted Louisiana Code of Criminal Procedure article 556.1, which now requires a trial court to inform the defendant of and determine that he understands the mandatory minimum and maximum penalties provided by law before accepting a plea of guilty or nolo contendere. However, this amendment was not in effect on December 11, 1991, the date of the guilty plea at issue, thus we find it is not applicable.
Accordingly, we shall not extend the Boykin colloquy to require the trial court to review the penalty section of the statute in question with a defendant in order to obtain a valid guilty plea. Therefore, this writ application is denied as we find the trial court did not err in denying Relator's motion to quash the prior DWI conviction, and we affirm the trial court and this court's previous holding in State v. Baum, 95-384 (La.App. 3 Cir. 10/4/95), 663 So.2d 285, writ denied, 95-2685 (La.2/9/96), 667 So.2d 528.
WRIT DENIED.
THIBODEAUX, AMY and PETERS, JJ., dissent and assign written reasons.
COOKS and WOODARD, JJ., dissent for reasons assigned by PETERS, J.
THIBODEAUX, Judge, dissenting.
I dissent for the reasons expressed in my dissenting opinion in State v. Baum, 95-384 (La.App. 3 Cir. 10/4/95), 663 So.2d 285, writ. denied, 95-2685 (La. 2/9/96), 667 So.2d 528 and for the reasons articulated by Judge Peters.
AMY, Judge, dissenting.
I respectfully dissent. Act 1061 of the 1997 Louisiana Legislative Session, enacting La.Code Crim.P. art. 556.1, has only recently codified the requirement that a defendant entering a plea of guilty in a criminal case be apprised of the possible penalties. However, the matter now before this court turns on preexisting constitutional protections. As discussed by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), important constitutional rights are at stake when a criminal defendant enters a plea of guilty; namely, the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. The defendant must be aware of these rights before a guilty plea can be knowingly and intelligently entered. Id. In Boykin, the Supreme Court stated that: "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Id. at 243-44, 89 S.Ct. at 1712.
Given the fundamental nature of the rights being waived and Boykin`s emphasis on this waiver being shown in the record, the relator's application has merit. In my view, a defendant cannot knowingly, intelligently, and voluntarily enter a guilty plea without being aware of the possible penalties to which he or she is exposed. However, I do not conclude that the record must contain the transcript of a colloquy wherein the trial judge explicitly advised the defendant of the *125 possible penalties; nor that this evidence is the only possible avenue by which the State can prove that the plea to the predicate offense was constitutionally sound. See State v. Shelton, 621 So.2d 769 (La.1993). Rather, it is my opinion that the record as a whole must demonstrate that the defendant was aware of the possible penalties. In the present case, the record before us does not demonstrate that the relator was initially informed of the penalties facing him when he entered his guilty plea to the predicate charge, although the trial court gave a lengthy and detailed instruction regarding enhanced penalties for subsequent offenses. Neither is there evidence of the defendant being advised of the possible sentence either through counsel or by a plea form; nor does the record in the instant matter indicate that the State submitted a minute entry from the prior offense reflecting that the defendant had such knowledge.
As I do not find that the record as a whole demonstrates that the defendant was aware of the penalty to which he was subjecting himself and, accordingly, that it has not been demonstrated by the State, as it has an obligation to do, that the defendant knowingly and intelligently entered a guilty plea to the predicate offense, I would grant the writ in the instant matter.
PETERS, Judge, dissenting.
I respectfully dissent in this matter. The majority relies on our holding in State v. Baum, 95-384 (La.App. 3 Cir. 10/4/95), 663 So.2d 285, writ denied, 95-2685 (La.2/9/96), 667 So.2d 528, to conclude that the Louisiana Supreme Court has never extended Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), to require that the trial court inform a defendant of the possible penalties he may be exposed to in pleading guilty to a criminal violation. Further, the majority suggests that because the United States Supreme Court only directly referred to three federal constitutional rights in Boykin, and failed to list other rights available to a defendant, a defendant is not entitled to be informed of potential penalties in a guilty plea proceeding in order for that plea to be knowingly and intelligently entered into.
I am concerned that the majority has taken an impermissibly narrow view of the rights of a criminal defendant in a plea proceeding. I agree with the majority that Boykin stands for the proposition that the privilege against compulsory self-incrimination, the right to trial by jury, and the right of confrontation of one's accusers are federal constitutional rights that can be waived but that a waiver cannot be presumed if the record is silent concerning the waiver. However, I do not agree that Boykin should be read to suggest that these three constitutional protections are the only rights which must be explained to a defendant in a plea proceeding. In Boykin, The United States Supreme Court made it clear that "[i]t was error, plain on the face of the record, for the trial judge to accept [Boykin's] guilty plea without an affirmative showing that it was intelligent and voluntary." Id. at 242, 89 S.Ct. at 1711 (emphasis added). The footnote cited by the majority clearly states that the United States Supreme Court was concerned with other elements of a plea proceeding, including the elements of the crime and the permissible range of sentences.
While the majority chooses not to extend the Boykin colloquy to require the trial court to inform the defendant of the range of penalties, it has no difficulty in recognizing that at least one other requirement must be fulfilled before a plea is knowingly and intelligently entered into.[1] Thus, even assuming *126 Boykin can be limited as suggested by the majority, it is clear that the United States Supreme Court requires more in accepting a plea.
Nor has our supreme court limited itself to the three constitutional rights suggested by the majority. In State v. Jones, 404 So.2d 1192 (La.1981), the supreme court extended the constitutional and procedural safeguards afforded felony plea proceedings to certain misdemeanor plea proceedings and found that those safeguards were not limited by the three recognized constitutional rights in Boykin. In Jones, the supreme court stated:
[W]henever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence.

Id. at 1196 (emphasis added).
In a concurring opinion in Jones, Justices Dennis, Dixon, and Calogero concluded that the Boykin requirements were "minimum requirements" and that there exist "additional desirable safeguards which may be employed." Id. at 1199. Justice Lemmon, in his concurring opinion, concluded that
the only requirement of constitutional magnitude for the validity of guilty pleas is that the record, either of the guilty plea or of a subsequent post-conviction proceeding, establish that the defendant at the time of the plea was aware, through the trial court or through defense counsel, of the constitutional rights that were relinquished, of the nature of the offense, and of the possible penalty, and that he pleaded guilty voluntarily.
Id. at 1201 (emphasis added).
I read nothing in either the federal or state cases cited to suggest that a knowing and intelligent waiver occurs if other basic understandings are not addressed. In fact, all of these opinions suggest that a full understanding of all of the consequences of the plea must be present. This view has now been codified by statute in Louisiana. On recommendation of the Louisiana State Law Institute, Acts 1997, No. 1061, § 1, was passed by the Louisiana Legislature to add La.Code Crim.P. art. 556.1. That Article constitutes a comprehensive direction to the trial court concerning guilty pleas and includes among other specific instructions:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

La.Code Crim.P. art. 556.1(A)(1) (emphasis added).
The quoted requirement is followed by three additional subparagraphs requiring inquiry into attorney representation, right to trial and to jury trial where applicable, right to confront and cross-examine witnesses, right against self-incrimination, and whether the defendant understands that he is waiving these rights. Subsection B of La.Code Crim.P. art. 556.1 requires the trial court to also ascertain that the plea is not the result of force, threats, or promises apart from the plea agreement and that all constitutional and legal rights are knowingly and intelligently waived. Absent a showing of good cause, the plea agreement must be disclosed in open court, and a record is to be made of all the proceedings. La.Code Crim.P. art. 556.1(C) and (D). Subsection E makes it clear that "where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses." In my opinion, this new Article does not establish new requirements but simply clarifies the trial court's preexisting duty to assure itself that the plea is knowingly and intelligently entered into.
The Boykin colloquy at issue in this case does not adequately advise the defendant of *127 the consequences of his plea in that it does not advise him of the range of sentences he was exposed to by his plea. Certainly that is a consequence which must be explained before a plea can be knowingly and intelligently entered into. Therefore, I conclude that it cannot be used as a predicate offense for the purpose of obtaining a conviction on a second offense DWI.
NOTES
[1] The majority notes that a defendant must also be advised of the consequences of pleading guilty without representation of counsel. In Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975), the United States Supreme Court reiterated a constitutional guarantee not mentioned in Boykin, but which had been recognized at that time for a period of at least fifty years, to the effect that "[t]he Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." Faretta further went on to say that, although a defendant may decline assistance of counsel and has a constitutionally-protected right to represent himself in a criminal trial, "he should be made aware of the dangers and disadvantages of self-representation...." Id. at 835, 95 S.Ct. at 2541.