hAMY, Judge,
concurring.
I agree with the result of the majority opinion. However, I write separately because of the majority’s expression that the trial court was not, at the time of the plea hearing, constitutionally or statutorily obligated to inform the defendant of the maximum possible penalty. While this viewpoint is, indeed, that expressed in this court’s en banc decision in State v. Newman, 97-797 (La.App. 3 Cir. 1/28/98); 707 So.2d 122, writ denied, 98-0490 (La.6/5/98); 720 So.2d 679, it is my view, as explained in my dissent in Newman, that while the trial court may not be required to advise the defendant of the possible penalties to which he or she is being exposed, “the record as a whole must demonstrate that the defendant was aware of the possible penalties.” Id. at 125 (Amy, J., dissenting).
Therefore, in consideration of the constitutional protection I find to be at issue, a review of the record in the present case is appropriate to determine whether the defendant was provided with sufficient information to apprise her of the sentencing range to which she was being exposed. The record reveals that, while the trial court did not inform the defendant of the maximum possible sentence, the plea form signed by the defendant provides the sentencing range available for a conviction under La.R.S. *103 40:966(C),(D)(2). Although we have determined that the defendant could not|2properly be convicted of this offense, she signed the waiver form, thereby waiving her rights with the knowledge that she could be sentenced to up to five years imprisonment. La.R.S. 40:982, the offense the defendant was actually convicted of for reasons explained by the majority, carries a maximum penalty of one year imprisonment. Therefore, the defendant entered a plea of guilty believing that she was exposing herself to a greater sentence than that actually possible. Given her plea in light of information regarding the possibility of a five-year sentence, I conclude that the record evidences that the defendant’s constitutional rights were properly safeguarded. As I find the defendant knowingly and intelligently entered a plea of guilty and, therefore, that the plea was constitutionally sound, I respectfully concur.