734 So.2d 680 (1999)
STATE of Louisiana, Appellee,
v.
Clarence BUTLER, Jr., Defendant-Appellant.
No. CR 98-1258
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
*681 Bernard Boudreaux, Dist. Atty., R. Wayne Ussery, St. Martinville, for State of La.
Barry Sallinger, Lafayette, for Clarence Butler, Jr.
BEFORE: COOKS, SAUNDERS and GREMILLION, JJ.
SAUNDERS, Judge.
This matter arises from the lower court's sentencing of Clarence Butler, Jr., hereinafter "Defendant," after he pled guilty to two counts of distribution of marijuana, in violation of La.R.S. 40:966(A)(1). For each count, Defendant received a sentence of ten years at hard labor, each to run concurrently. On appeal, Defendant argues that the lower court violated the safeguards of La.Code Crim.P. art. 894.1, and that the sentence is unfair, partial and unconstitutional. Finding no patent or manifest errors, we affirm the trial court's sentence.

PROCEDURAL HISTORY
Defendant was arrested on or about March 31, 1997, in connection with illegal drug transactions occurring on November 26, 1996, and December 13, 1996. Defendant was indicted for two counts of distribution of marijuana in violation of La.R.S. 40:966(A)(1). In an open-ended plea agreement, Defendant pled guilty to both counts on December 9, 1997; the agreement precluded his right to appeal the sentence on grounds of excessiveness. On April 17, 1998, the trial court sentenced Defendant to imprisonment with the Louisiana Department of Corrections to ten years on each count to run concurrently. A Motion to Reconsider Sentence was filed on May 1, 1998, and denied without a hearing.

FACTS
The matter sub judice was never presented for trial, however, facts adduced at Defendant's sentencing hearing indicated that on November 26, 1996, and December 13, 1996, Defendant met with an undercover narcotics agent working for the City of St. Martinville. On both occasions, Defendant sold approximately $45.00 worth of marijuana to the agent.

LAW AND ANALYSIS

A. Assignment of Error No. 4
We consider as an initial matter Defendant's assignment of errors patent on the face of the record. A review of the same reveals that the lower court did not inform Defendant personally of the nature and penalty range of the charge to which he was pleading. La.Code Crim.P. art. 556.1(A)(1), which became effective August 15, 1997, provides as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if *682 any, and the maximum possible penalty provided by law.
Thus, the trial court did not satisfy the requirements of Article 556.1(A)(1). However, since this requirement is a statutory requirement rather than a constitutional requirement, similar to Boykin rights, and Defendant does not allege any misunderstanding as to the nature or penalty range of the charges to which he pled, we find this to be harmless error.
In State v. Newman, 97-797 (La.App. 3 Cir. 1/28/98); 707 So.2d 122, 124, writ denied, 98-0490 (La.6/5/98); 720 So.2d 679, this court declined to extend the Boykin colloquy "to require the trial court to review the penalty section of the statute in question with a defendant in order to obtain a valid guilty plea." It is noted that Defendant pled guilty at an en masse hearing. One of the other defendants pled guilty to possession with the intent to distribute marijuana. The trial court read the offense to which he was pleading as well as the penalty range of the offense. Thus, although not read directly to him, Defendant was present when the nature and penalty range of the offense was read in open court.
Secondly, the trial court did not inform Defendant that the offense to which he pled could be used to enhance the penalty for any subsequent offense he may commit. La.Code Crim.P. art. 556.1(E), which became effective August 15, 1997, provides, "In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses." The Defendant pled guilty to distribution of marijuana. La.R.S. 40:982 provides for an enhanced penalty for a second or subsequent offense involving drugs, including marijuana. Thus, the trial court erred in failing to so inform Defendant. Again, since this requirement is a statutory requirement rather than a constitutional requirement, and Defendant does not claim he is prejudiced by the trial court's failure to inform him, this court finds this to be harmless error.

B. Review
Defendant contends through his first three assignments of error that the trial court erred in imposing an excessive sentence.[1] As recounted earlier, Defendant was indicted on two counts of distribution of marijuana, in violation of La.R.S. 40:966(A)(1), which provides for a term of imprisonment at hard labor for not less than five years nor more than thirty years and a fine of not more than fifty thousand dollars. La.R.S. 40:966(B)(2).
Defendant pled guilty to both counts in a written plea agreement, signed by Defendant, the Assistant District Attorney, and Judge Edward M. Leonard, Jr., from the Sixteenth Judicial District. This agreement was made part of the record at the time of the plea and indicated Defendant was pleading guilty to an open-ended agreement, subject only to a pre-sentence investigation and a sentencing hearing. Additionally, the agreement stated in pertinent part, "I cannot appeal or seek review of any sentence imposed as part of this plea agreement pursuant to article 881.2 of the Louisiana Code of Criminal Procedures." At the felony plea hearing, the trial judge assured himself that Defendant had read and signed the plea agreement before accepting his plea of guilty. Defendant responded that he had read the agreement and that he was aware of the terms set forth in the agreement.
La.Code Crim.P. art. 881.2 provides, in pertinent part:
A. (1) The defendant may appeal or seek review of a sentence based on any *683 ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.
(2) The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
The State contends the plea agreement effectively waived any appeal or review of the sentence imposed. Article 881.2 does not preclude a defendant from appealing a sentence imposed outside statutory limitations or not in conformity with the plea itself. Historically, Article 881.2 has been interpreted to deal with specific sentences or sentencing caps and most recently with pleas reducing a defendant's sentencing exposure.[2] The applicability of Article 881.2 in an agreement where a defendant does not receive any real or perceived benefit from the plea has not been addressed by this court. Because the defendant before this court pled guilty to an open-ended agreement which contained no agreed upon sentencing term, sentencing restriction or reduction to limit Defendant's sentencing exposure, Article 881.2 does not apply to the present matter. Therefore, a review of Defendant's sentence is appropriate.

C. Assignment of Error No. 1
The Defendant contends in his first assignment of error that the trial court erred in imposing a sentence not in compliance with La.Code Crim.P. art. 894.1. He argues, particularly, that the sentencing court failed to consider sentencing recommendations from the Department of Corrections, certain mitigating factors, and finally, the absence of aggravating factors present within the record.
The trial court is not required to rigidly list every factor under the sentencing guidelines. However, the record must establish that the trial court took cognizance of the sentencing guidelines established in Article 894.1. State v. Smith, 433 So.2d 688 (La.1983). Of further importance is the presence in the record of a factual basis for imposing a sentence.
The sentencing court limited reasons for sentencing:
BY THE COURT:
Stand up, Mr. Butler. (Mr. Butler standing.)

Mr. Butler, we find that you did sell two $45 bags. That to you or to some people is a minor thing. To me, it's not. I think the sale of drugs in the community is like selling poison, and I'm agreeing with Mr. Haney that marijuana is an entry drug surely as the day follows night. With this drug, is going to lead to cocaine, LSD, or other more serious drugs.
On both counts, I sentence you to ten (10) years at hard labor to run concurrently. I'm going to also recommend that you go toor be treated at Blue Waters before you get out.
Mr. Sallinger, if we would have had more information with regard to addiction at a sentencing hearing, it would have been more helpful. There is nothing in the pre-sentence investigation that indicates that he is an addict as opposed to a person who made money from the sale of drugs.
. . . .
Sir, I hope that this time in prison you will learn one thing is that we're not going to tolerate the sale of drugs in St. Martin Parish. That's just not going to happen. Because this was your first offense as a felon, your first felony, we're going to go a little lighter. Other *684 than that, I would give you thirty (30) years today.
You, sir, have got to learn at your early age, you are either going to go two ways in life. You are going to go in that dark side. You are going to continue to be involved with the drug culture. You are going to learn something in prison, and then you are going to get out and go on the right side. Get right with the Lord and get a job and get away from those people who are users. That's what you are going to have to do. All right. Thank you, Mr. Sallinger. Thank you, sir.
The limited reasoning of the sentencing court gives us little guidance as to which Article 894.1 factors were utilized during sentencing. The trial court may have inadequately articulated the Article 894.1 factors, however, the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record.
The record contains a pre-sentence investigation report conducted prior to sentencing pursuant to the plea agreement. The report indicated that Defendant had previously been arrested on April 11, 1996, with a small amount of marijuana. The pre-sentence investigation revealed that Defendant was originally charged with possession with intent to distribute; however, this charge was reduced to simple possession. The State clarified this element of the pre-sentence investigation report at sentencing and explained that Defendant actually pled guilty to simple possession of drug paraphernalia. The pre-sentence report also indicated that Defendant was recommended for probation and, as an alternative to probation, Chief Deputy Janelle Landry recommended the IMPACT Program. We note that the sentencing discretion of a trial judge cannot be limited by sentencing recommendations, made jointly or otherwise. State v. Rios, 95-00961 (La.App. 3 Cir. 3/6/96); 670 So.2d 708. See also, State v. Barnes, 596 So.2d 302 (La.App. 3 Cir.1992).
Also for the trial court's consideration were arguments by Defendant and the State which were presented prior to the imposition of sentence. The State argued that the court should not minimize the relatively small amount of marijuana involved in the drug transactions because marijuana toxins were found in the blood stream of sixty percent of all people arrested for criminal activity. The State also encouraged the court to sentence Defendant to two consecutive ten year terms. The district attorney felt that a significant sentence should be imposed because of Defendant's prior involvement with drug activity.
Defense counsel offered as mitigating factors the fact that Defendant was a local kid with a consistent work history, he had a young family, and that the Department of Probation and Parole had recommended the IMPACT Program. The sentencing court had an opportunity to review the pre-sentence report and had adequate opportunity to take this information into consideration when imposing sentence. Defendant was given two ten (10) year sentences to run concurrently, half the sentence recommended by the State. The trial court did note mitigating considerations, to wit, "Because this was your first offense as a felon, your first felony, we're going to go a little lighter. Other than that, I would give you thirty (30) years today."
A trial court's failure to articulate every circumstance listed in Article 894.1 does not per se require that the case be remanded for resentencing. Where the record, as this one does, contains a sufficient factual basis for the imposition of a sentence, a sentence is properly upheld.

D. Assignment of Error No. 2
Defendant contends in his second assignment of error that the trial court erred in imposing a constitutionally excessive sentence. Facts present within the *685 record indicate there was no sentencing agreement and that the sentences of ten years were within the allowable statutory range. The pre-sentence report indicates that Defendant had a prior drug related arrest in 1996. The record also indicates Defendant was involved in multiple drug transactions over an extended period which ultimately resulted in his second arrest and this case. Defendant's total sentencing exposure was sixty (60) years imprisonment for two counts of marijuana distribution. The concurrent ten (10) year sentences are at the lower range of Defendant's sentencing exposure. The sentences simply do not shock a societal sense of justice. We find sufficient facts in the record to establish the concurrent sentences of ten (10) years imposed by the trial court as constitutionally appropriate.

DECREE
In light of the foregoing, we affirm the lower court's sentencing of Defendant to two concurrent sentences of ten (10) years at hard labor in consideration of his guilty plea to two counts of distribution of marijuana, in violation of La.R.S. 40:966(A)(1).
AFFIRMED.
NOTES
[1] The Defendant originally assigned four assignments of error; three are addressed in this opinion. Defendant contends in his third assignment of error that he did not receive a fair and impartial sentencing. Defendant does not brief circumstances relating to the fairness or the partiality at sentencing, therefore, the issue is considered abandoned on appeal. Uniform RulesCourts of Appeal, Rule 2-12.3.
[2] See State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98); 716 So.2d 36, and State v. Gobert, 98-42 (La.App. 3 Cir. 10/7/98), 720 So.2d 732.