732 So.2d 517 (1999)
STATE of Louisiana
v.
Steven L. ANDERSON.
No. 98-K-2977.
Supreme Court of Louisiana.
March 19, 1999.
PER CURIAM.[*]
Granted. The en banc judgment of the court of appeal is vacated, the defendant's conviction and sentence for third offense DWI are reinstated, and this case is remanded to the district court for execution of sentence. The transcript of defendant's January, 1995 guilty plea colloquy accompanying his conviction for first offense DWI shows minimal but adequate compliance with this Court's decision in State v. Jones, 404 So.2d 1192 (La.1981). The defendant was represented by counsel and nothing in the contemporaneous records of the guilty plea undercuts the presumption that counsel explained the nature of the charge in sufficient detail that the defendant had notice of what his plea asked him to admit. Henderson v. Morgan, 426 U.S. 637, 644-46, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976). Advice with respect to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, see State ex rel. LaFleur, v. Donnelly, 416 So.2d 82, 84 (La.1982); La.C.Cr.P. art. 556.1(A)(1) (1997 La.Acts 1061), but it has never formed part of this Court's core Boykin requirements for the entry of a presumptively valid guilty plea in any case. See State v. Nuccio, 454 So.2d 93, 104 (La.1984); State v. Baum, 95-0384 (La.App. 3d Cir. 10/4/95), 663 So.2d 285, 288, writ denied, 95-2685 (La.2/9/96), 667 So.2d 528.
LEMMON, J. would grant and docket.
NOTES
[*] Johnson, J., not on panel. See La.S.Ct.Rule IV, Part II, § 3.