| KOSTELKA, J.,
concurring.
Based upon the majority of decisions from this circuit which hold that the failure to inform a defendant of the permissible sentencing range prior to taking a guilty plea violates that defendant’s constitutional rights, I concur in the result of this case. I do so cautiously, however, in light of the recent supreme court language in State v. Anderson, 98-2977 (La.03/19/99), 732 So.2d 517, and its reference to State v. Baum, *917 95-0384 (La.App. 3d Cir.10/04/95), 663 So.2d 285, 288, writ denied, 95-2685 (La.02/09/96), 667 So.2d 528, dealing with the validity of predicate pleas in enhancement proceedings prior to the enactment of La.C.Cr. P. art. 556.1. These cases suggest that in some instances the failure to inform a defendant of the sentencing range, and even the maximum sentence exposure, does not necessarily establish a constitutional violation of the defendant’s rights.
Additionally, considering the reasoning of these cases, and until the Louisiana Supreme Court directs otherwise, I cannot agree that any violation of La.C.Cr.P. art. 556.1 mandates the reversal of a guilty plea. Certainly, Article 556.1 is devoid of any sanction provision. Accordingly, when constitutional violations are involved, i.e., Boykin rights, invalidation of the guilty plea is obviously required. However, the remaining rights listed in Article 556.1 are statutory requirements which do not automatically require invalidation of the plea when violated. State v. Longnon, 98-551 (La.App. 3d Cir.10/28/98), 720 So.2d 825, writ denied, 98-2969 (La.03/19/99), 739 So.2d 781.