NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-78

STATE OF LOUISIANA

VERSUS

WILLIAM DAVID DEFOOR, III
AKA WILLIAM DEFOOR

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 80178
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED.

Asa A. Skinner
District Attorney
Drew W. Mason
Assistant District Attorney
Post Office Box 1188
Leesville, Louisiana  71496-1188
(337) 239-2008
Counsel for Appellee:
        State of Louisiana

Douglas Lee Harville
Louisiana Appellate Project
400 Travis Street, Suite 1702
Shreveport, Louisiana  71101
(318) 222-1700
Counsel for Defendant/Appellant:
        William David Defoor, III

**KEATY, Judge.**

Defendant, William D. Defoor, III, aka William Defoor, pled guilty to two counts of felony carnal knowledge of a juvenile and was sentenced to four years at hard labor on each count, to run concurrently, with credit for time served. He was also ordered to pay a fine and to register as a sex offender. He now appeals, alleging that his sentence is excessive. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 2, 2010, Defendant was charged by bill of information with three counts of felony carnal knowledge of a juvenile,[1] in violation of La.R.S. 14:80. He originally pled not guilty to all counts but later pled guilty to counts one and two, and the State agreed to dismiss count three. The trial court ordered a pre-sentence investigation report before sentencing. Defendant was sentenced to four years at hard labor on each count, to run concurrently, with credit for time served. He was ordered to pay a fine of $1,200 plus court costs and to register as a sex offender. The trial court allowed Defendant to have contact with his children and step-children as an exception to the sex offender restrictions. On November 29, 2011, Defendant filed a motion to reconsider sentence that was subsequently denied. He now appeals, asserting in his sole assignment of error that his sentence is excessive.

The following factual basis was read into the record at Defendant's guilty plea hearing:

> [O]n or about June 10th of 2010; and, then again on June 13th, 2010, as set forth in count two, the defendant at the time, who was twenty-nine years of age, engaged in sexual intercourse with a child who was at that time thirteen years of age. That this occurred in his home and that home being located within the boundaries of Vernon Parish. . . .

---

[1] As will be discussed in the errors patent section of this opinion, in Count 1, the bill charged Defendant with sexual battery, in violation of La.R.S. 14:43.1, or, in the alternative, felony carnal knowledge of a juvenile, in violation of La.R.S. 14:80.

In the statement of facts contained in his brief to this court, Defendant explained that he and the victim engaged in consensual sexual intercourse while the victim was babysitting for him and his wife.

## DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After a thorough review, we have found one error patent in the bill of information. Relative to Count 1, the bill charged Defendant with sexual battery, in violation of La.R.S. 14:43.1, or, in the alternative, felony carnal knowledge of a juvenile, in violation of La.R.S. 14:80. Louisiana Code of Civil Procedure Articles 482 and 493 allow for certain offenses to be joined in an indictment and for certain offenses to be charged in the alternative. There is no statutory authority allowing carnal knowledge of a juvenile to be charged as an alternative to sexual battery. However, Defendant failed to file a motion to quash the bill of information on this basis. Additionally, when Defendant entered an unqualified guilty plea, he waived review of any pre-plea non-jurisdictional defects. Thus, any error was waived. *See State v. Crosby*, 338 So.2d 584 (La.1976).

### *Excessiveness of Sentence*

Defendant contends that his sentence is harsh and unconstitutionally excessive. He submits that given the minor nature of his criminal record and the fact that he has young children that he supports by working in the oilfield, the imposition of two four-year sentences, to be served concurrently, amounts to "nothing more than purposeless and needless imposition of pain and suffering."

In *State v. Williams*, 02-707, pp. 7-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100-01, we stated:

La. Const. art. 1, § 20 ensures that "[n]o law shall subject any person to . . . cruel, excessive, or unusual punishment." A punishment is considered constitutionally excessive if it "(1) makes no measurable contribution to acceptable penal goals of punishment and hence is nothing more tha[n] the purposeful and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *State v. Wilson,* 96-1392, p. 3 (La.12/13/96); 685 So.2d 1063, 1065 (citing *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). When reviewing a sentence, the appellate court must be mindful that the trial court is in the best position to consider the aggravating and mitigating circumstances of each case and that the trial court is given broad discretion in sentencing. *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957. As such, the reviewing court will determine whether the trial court abused its broad discretion, not whether another sentence may have been more appropriate. *Id.*

The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. *State v. Iron,* 00-1238 (La.App. 3 Cir. 2/15/01); 780 So.2d 1123, *writ denied,* 01-1232 (La.3/15/02); 811 So.2d 898. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." *State v. Butler,* 98-1258, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 680, 684.

The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos,* 419 So.2d 475 (La.1982). The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. *State v. Robinson,* 33,921 (La.App. 2 Cir. 11/1/00); 770 So.2d 868; *State v. Waguespack,* 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied,* 596 So.2d 209 (La.1992). In addition, the trial court may consider other criminal activity which did not result in a conviction. *State v. Texada,* 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854, *writ denied,* 00-2751 (La.6/29/01); 794 So.2d 824.

"Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance

with the provisions of Code of Criminal Procedure Article 893." La.R.S. 14:80(D)(1).

In the instant case, Defendant was sentenced to four years at hard labor on each of the two counts to which he pled guilty, to run concurrently, with credit for time served. Accordingly, his sentence was less than half of the maximum he could have received on each count. In addition, Defendant's sentence exposure was significantly reduced in that his plea agreement resulted in the dismissal of the third count against him.

The record indicates that the trial court ordered a pre-sentence investigation report to be prepared prior to sentencing. That report showed that Defendant had only a small criminal record. However, the report also showed that in November of 2010, during the pendency of these charges, Defendant was found to have violated his probation by having contact with the victim.

In considering the factors found in La.Code Crim.P. art. 894.1, the trial court noted the significant emotional harm suffered by Defendant's young victim and her family, and the fact that she was undergoing counseling to deal with the problems caused by Defendant's actions. With regard to Defendant's request that he receive a lenient sentence so as to minimize the harm that his family would suffer by a lengthy sentence, the trial court noted that Defendant should have thought of his family before he chose to commit these crimes. Conversely, the trial court noted the absence of any substantial grounds that would tend to justify or excuse Defendant's criminal conduct. The trial court emphasized the age difference between the Defendant and his victim and the fact that he took advantage of her in his home while she was babysitting his children. In light of the circumstances, we conclude that Defendant's sentences of four years, to run concurrently, are not excessive.

4

## DECREE

For the foregoing reasons, Defendant's sentences are affirmed.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.