720 So.2d 355 (1998)
STATE of Louisiana, Plaintiff-Appellee,
v.
Steven L. ANDERSON, Defendant-Appellant.
No. 30901-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
Opinion on Rehearing October 29, 1998.
*356 Louisiana Appellate Project by J. Wilson Rambo, Monroe, for Defendant-Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Donald A. Hyatt and Tommy J. Johnson, Assistant District Attorneys, for Plaintiff-Appellee.
Before NORRIS, BROWN and WILLIAMS, JJ.
Opinion on Rehearing En Banc October 29, 1998.
NORRIS, Judge.
The defendant, Steven L. Anderson, entered a Crosby[1] plea of guilty to DWI-3rd offense, La. R.S. 14:98. By his sole assignment of error Anderson urges the District Court erred in denying his motion to quash a prior guilty plea. Finding merit in his argument, we reverse and vacate the conviction, enter a conviction of DWI-2nd offense, and remand the case for resentencing.
Prior to the instant charge, Anderson pled guilty to unrelated charges of DWI on January 5, 1995 and December 14, 1995. He was represented by counsel at both misdemeanor pleas. The instant offense occurred in August 1996, resulting in a bill for DWI-3rd offense. Anderson's attorney filed a motion to quash the January 5, 1995 guilty plea on grounds that the court accepting the plea "never ascertained if the defendant understood the nature and consequences of the charge before the court[.]" In support he cited State v. Jones, 404 So.2d 1192 (La. 1981). The District Court denied the motion to quash, and in October 1997 Anderson entered his Crosby plea. The court sentenced him to one year at hard labor, including six months without benefit of parole, probation or suspension of sentence, and the remainder on active, supervised probation.
The law applicable to this case is set forth in State v. Jones, supra:
[W]henever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, [Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] and to make sure that the accused has a *357 full understanding of what the plea connotes and of its consequences.
In a concurring opinion, Justice Lemmon explained that "consequences" of the plea include knowledge of the possible penalty. Id., at 1201. This follows federal and State jurisprudence. See Boykin v. Alabama, supra at fn. 7; State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Watts, 550 So.2d 711 (La.App. 2 Cir.1989); State v. Hill, 30,552 (La.App. 2 Cir. 6/26/98), 714 So.2d 814, and citations therein.[2]
In 1997, the legislature enacted La.C.Cr.P. art. 556.1, which provides in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
This article, which took effect on August 15,1997, was intended to clarify existing law. State v. Hill, supra.
Moreover, the State bears the burden of showing that the defendant expressly and knowingly waived his rights at the time of the plea. State v. Santiago, 416 So.2d 524 (La.1982); State v. Deroche, 95 0376 (La.App. 1 Cir. 4/10/96), 674 So.2d 291.
The transcript of the January 5, 1995 guilty plea discloses a minimalist or "barebones" recital of the basic Boykin rights, with no discussion of any possible consequences or connotations of the plea. In short, this plea colloquy fails to show that Anderson was advised or aware of the sentencing range, an essential consequence of his plea. By contrast, we would note that the Boykin colloquy of December 14, 1995 was thorough and advised Anderson of all relevant consequences of the plea.
We therefore hold that the State has failed to meet its burden of proving that the January 5, 1995 guilty plea was knowingly and voluntarily entered. It cannot be used as a predicate for the instant offense. We therefore reverse and vacate the conviction of DWI-3rd offense and enter a conviction of DWI-2nd offense. State v. Mobley, 592 So.2d 1282 (La.1992). We remand the case for resentencing in accord with this opinion.
REVERSED AND REMANDED.
BROWN, J., dissents with reasons.
BROWN, Judge, dissenting.
The majority opinion is contrary to this court's decision in State v. McGee, 30,329 (La.App. 2d Cir. 7/30/97), 698 So.2d 69 and the third circuit case of State v. Newman, supra. For the reasons stated in McGee, supra, I respectfully dissent.
Before MARVIN, C.J., and NORRIS, HIGHTOWER, BROWN, WILLIAMS, CARAWAY and PEATROSS, JJ.

ON REHEARING
EN BANC.
The defendant, Steven L. Anderson, entered a Crosby[1] plea of guilty to DWI-3rd offense, La. R.S. 14:98. By his sole assignment of error Anderson urges the District Court erred in denying his motion to quash a prior guilty plea. Finding merit in his argument, we reverse and vacate the conviction, enter a conviction of DWI-2nd offense, and remand the case for resentencing.
Prior to the instant charge, Anderson pled guilty to unrelated charges of DWI on January 5, 1995 and December 14, 1995. He was represented by counsel at both misdemeanor pleas. The instant offense occurred in August 1996, resulting in a bill for DWI-3rd offense. Anderson's attorney filed a motion to quash the January 5, 1995 guilty plea on grounds that the court accepting the plea "never ascertained if the defendant understood the nature and consequences of the *358 charge before the court[.]" In support he cited State v. Jones, 404 So.2d 1192 (La. 1981). The District Court denied the motion to quash, and in October 1997 Anderson entered his Crosby plea. The court sentenced him to one year at hard labor, including six months without benefit of parole, probation or suspension of sentence, and the remainder on active, supervised probation.
The law applicable to this case is set forth in State v. Jones, supra:
[W]henever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, [Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 [23 L.Ed.2d 274] (1969)] and to make sure that the accused has a full understanding of what the plea connotes and of its consequences.
In a concurring opinion, Justice Lemmon explained that "consequences" of the plea include knowledge of the possible penalty. Id. at 1201. This follows federal and State jurisprudence. See Boykin v. Alabama, supra at fn. 7; State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Watts, 550 So.2d 711 (La.App. 2 Cir.1989); State v. Hill, 30,552 (La.App. 2 Cir. 5/13/98), 714 So.2d 814, and citations therein.[2]
In 1997, the legislature enacted La.C.Cr.P. art. 556.1, which provides in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
This article, which took effect on August 15, 1997, was intended to clarify existing law. State v. Hill, supra.
Moreover, the State bears the burden of showing that the defendant expressly and knowingly waived his rights at the time of the plea. State v. Santiago, 416 So.2d 524 (La.1982); State v. Deroche, 95 0376 (La.App. 1 Cir. 4/10/96), 674 So.2d 291.
The transcript of the January 5, 1995 guilty plea discloses a minimalist or "barebones" recital of the basic Boykin rights, with no discussion of any possible consequences or connotations of the plea. In short, this plea colloquy fails to show that Anderson was advised or aware of the sentencing range, an essential consequence of his plea. By contrast, we would note that the Boykin colloquy of December 14, 1995 was thorough and advised Anderson of all relevant consequences of the plea.
We therefore hold that the State has failed to meet its burden of proving that the January 5, 1995 guilty plea was knowingly and voluntarily entered. It cannot be used as a predicate for the instant offense. We therefore reverse and vacate the conviction of DWI-3rd offense and enter a conviction of DWI-2nd offense. State v. Mobley, 592 So.2d 1282 (La.1992). We remand the case for resentencing in accord with this opinion.
REVERSED AND REMANDED.
HIGHTOWER and BROWN, JJ., dissent with written reasons.
CARAWAY, J., dissents for the reasons assigned by HIGHTOWER and BROWN, JJ.
HIGHTOWER, Judge, dissenting.
Stating that the earlier "plea colloquy fails to show that Anderson was advised or aware of the sentencing range," the majority permits the defendant to attack collaterally his January 5, 1995 guilty plea to a first offense DWI misdemeanor. Although immediately sentenced with his attorney present, and despite making no effort to withdraw his plea *359 nor complaining in any manner about his sentence, the defendant launched his castigation of the previous proceeding almost two and one-half years later, after being arrested for DWI-third offense.
For the acceptance of an earlier guilty plea as an enhancement predicate, our jurisprudence has not required that a defendant be informed of the future consequences of subsequent offenses. State v. Nuccio, 454 So.2d 93 (La.1984) (rendered subsequent to State v. Jones, 404 So.2d 1192 (La.1981) upon which the majority heavily relies). Indeed, in State v. Myers, 503 So.2d 1085 (La.App. 2d Cir. 1987), this appellate court reversed the granting of a motion to quash founded upon the same premise as now embraced by the majority.
Under the majority holding today, all previous DWI guilty pleas within this circuit will be subject to collateral attack if the trial court has failed to explain fully the law on enhancement of penalties for subsequent offenses.
I dissent.
BROWN, Judge, dissenting.
The legal principle is that a guilty plea must be a free and voluntary choice. The U.S. Supreme Court imposed an arbitrary rule that a guilty plea will not be considered free and voluntary unless the transcript of the plea shows that a defendant was advised by the court and expressly waived his right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Beyond these designated rights, the circumstances determine whether a defendant made a voluntary choice.
In a motion to quash two prior predicate DWI offenses, this court, in State v. McGee, 30,329 (La.App.2d Cir. 07/30/97), 698 So.2d 69, citing State v. Nuccio, 454 So.2d 93 (La. 1984), held that Boykin only requires that a defendant be informed of the three rights enumerated above. If so informed on the record, the absolute presumption of involuntariness is not applicable. Boykin's scope has not been expanded. The third circuit, sitting en banc, in another attack on a predicate DWI offense, recently reaffirmed the position that the prophylactic requirements of Boykin have not been increased. See State v. Newman, 97-797 (La.App. 3d Cir. 01/28/98), 707 So.2d 122.
The failure to inform defendant of the sentencing range at his January 5, 1995 guilty plea to DWI 1st should not automatically render the plea invalid as a predicate offense in a subsequent DWI 3rd charge. Rather, defendant should have filed a motion to withdraw the guilty plea or made an application for post conviction relief where the involuntariness could have been established. See State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982).
Based on this record, the Boykin rights were explained, and defendant, who was represented by counsel at the January 1995 guilty plea, has shown nothing to indicate that his plea was involuntary.
I respectfully dissent.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976). Anderson specifically reserved his right to appeal the denial of the motion to quash.
[2] In view of State v. Jones, supra, we are somewhat perplexed by the result in State v. Newman, 97-797 (La.App. 3 Cir. 1/28/98), 707 So.2d 122, and decline to follow it.
[1] State v. Crosby, 338 So.2d 584 (La.1976). Anderson specifically reserved his right to appeal the denial of the motion to quash.
[2] In view of State v. Jones, supra, we are somewhat perplexed by the result in State v. Newman, 97-797 (La.App. 3 Cir. 1/28/98), 707 So.2d 122, and decline to follow it.