762 So.2d 172 (2000)
STATE of Louisiana
v.
Vincent E. PHILLIPS.
No. 99 KA 1629.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
Dorothy A. Pendergast, Special Appeals Counsel, Metairie, for State of Louisiana.
Richard A. Swartz, Slidell, for Defendant-Appellant.
Before: SHORTESS, C.J., PARRO and KUHN, JJ.
SHORTESS, C.J.
Vincent E. Phillips (defendant) was charged by bill of information with third-offense driving while intoxicated (DWI), La. R.S. 14:98, occurring on April 7, 1998. The State alleged the two predicate convictions were entered in Slidell City Court on April 3, 1996, and January 23, 1997. Defendant pled not guilty and filed a motion to quash, which was denied. Subsequently, defendant withdrew his not-guilty plea and entered a plea of guilty, reserving his right to appeal under State v. Crosby, 338 So.2d 584 (La.1976). After a Boykin examination, *173 the trial court accepted defendant's guilty plea and sentenced him to eighteen months imprisonment at hard labor, with six of those months to be served without benefit of parole. The court also ordered defendant to install an ignition-control device in his vehicle. Defendant now appeals, urging that the trial court erred in denying his motion to quash based upon the failure of the Slidell City Court to comply with Louisiana Code of Criminal Procedure article 556.1 at the time of entry of his guilty pleas that serve as the predicate DWI convictions for this offense.
Since defendant and the State stipulated to the factual basis of the offense and there was no recitation of the factual basis at the time of defendant's guilty plea, the facts are unknown.
In this appeal, as in his motion to quash filed in the trial court, defendant argues the transcripts of the two guilty pleas serving as predicate offenses for the present charge fail to establish that the prior pleas comply with the requirements of Code of Criminal Procedure article 556.1. He specifically argues that the trial court, at the time these predicate pleas were entered, did not inform him of the range of sentences or the possible penalties for the offense, did not inform him of the penalties for subsequent offenses, did not require disclosure of the plea agreement between the district attorney and himself, and did not explain to him that, by pleading guilty, there would be no further trial of any kind. He also argues that the court's explanation of constitutional rights in each of his pleas in Slidell City Court was "very brief and not a comprehensive discussion of the rights" and that the court did not "ascertain if the defendant fully understands that right and wants to waive it."
The State argues the predicate guilty pleas were entered prior to the enactment of article 556.1 and cannot be applied retroactively. It further contends the predicate convictions conform to the dictates of State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, in which the Louisiana Supreme Court found that the burden-shifting principles of State v. Shelton, 621 So.2d 769 (La.1993), are applicable to predicate convictions used for DWI enhancement.
Code of Criminal Procedure article 556.1, enacted in 1997 by Act 1061, section 1, and effective August 15, 1997 (after the entry of defendant's January 23, 1997, guilty plea predicate), provides in pertinent part as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In any criminal case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement, *174 and that the waiver of all constitutional and legal rights are knowingly and intelligently waived.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
. . . .
E. In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.
Defendant cites the second circuit case of State v. Anderson, 30,901 (La.App.2d Cir.8/19/98), 720 So.2d 355. In Anderson, the second circuit held that one of the prior DWI guilty pleas could not be used as a predicate for a subsequent offense of third-offense DWI because the trial court in the prior plea did not advise defendant of the maximum penalty as required in article 556.1. 720 So.2d at 358-359. However, the supreme court reversed the decision of the second circuit in the per curiam opinion in State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517. The supreme court stated that the transcript of the prior DWI guilty plea showed minimal but adequate compliance with State v. Jones, 404 So.2d 1192 (La.1981), that the defendant was represented by counsel, that there was nothing in the record of the predicate guilty plea that undercut the presumption that counsel explained the nature of the charge in sufficient detail, and that the defendant had notice of what his plea asked him to admit. The court further stated that:
[a]dvice with respect to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, see State ex rel. [LaFleur] v. Donnelly, 416 So.2d 82, 84 (La.1982); La.C.Cr.P. art. 556.1(A)(1) (1997 La. Acts 1061), but it has never formed part of this Court's core Boykin requirements for the entry of a presumptively valid guilty plea in any case. See State v. Nuccio, 454 So.2d 93, 104 (La.1984); State v. Baum, 95-0384 (La.App. 3d Cir.10/4/95), 663 So.2d 285, 288, writ denied, 95-2685 (La.2/9/96), 667 So.2d 528.
We conclude that the trial court did not err in denying the motion to quash. We decline to apply Code of Criminal Procedure article 556.1 retroactively to predicate guilty pleas entered prior to enactment of the article. Furthermore, because the omissions complained of are statutory requirements rather than constitutional requirements (as is the requirement that the trial court inform the defendant of the three Boykin rights), the error, if any, was harmless. See State v. Anderson, 98-2977, p. 4-5, 732 So.2d at 517.
We also note the record fails to contain any exhibits or documents related to the two predicate convictions used as the basis for the enhancement of defendant's DWI charge to third offense. Defendant is responsible for designating the record on appeal. See La.C.Cr.P. art. 914.1. This court has no authority to receive or review evidence not contained in the trial court record, State v. Martin, 607 So.2d 775, 788 (La.App. 1st Cir.1992), and cannot review evidence beyond the appellate record, State v. Barnes, 97-2522 (La. App. 1st Cir.9/25/98), 721 So.2d 923, 925.
For the above reasons, this assignment of error lacks merit. Defendant's conviction and sentence are affirmed.
AFFIRMED.