Judgment rendered June 29, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,539-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JAREONA NICOLE CROSBY                        Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 222,271

Honorable Allen Parker Self, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Edward K. Bauman

JOHN SCHUYLER MARVIN                     Counsel for Appellee
District Attorney

ANDREW JACOBS
RICHARD RUSSELL RAY
Assistant District Attorneys

* * * * *

Before COX, ROBINSON, and MARCOTTE, JJ.

**ROBINSON, J.**

Jareona Crosby ("Crosby") was indicted on December 10, 2018, for the second degree murder of Joshua Kidd ("Kidd"), who was shot on September 25, 2018, while Crosby and another individual were engaged in an aggravated burglary of Kidd's vehicle. Crosby was seventeen years old when the crime was committed. Crosby appeared in court on December 11, 2018, and waived formal arraignment and entered a plea of not guilty. On November 10, 2020, Crosby withdrew her former plea of not guilty and entered a plea of guilty to second degree murder, in exchange for the dismissal of the other charges of simple burglaries and theft of a firearm. Crosby was sentenced on December 15, 2020, to life imprisonment at hard labor *without* benefit of parole, probation, or suspension of sentence. Crosby filed her own pro se application for post-conviction relief seeking an out-of-time appeal on May 24, 2021, alleging that her plea was not knowingly, intelligently, or voluntarily made and that trial counsel was ineffective. The court granted her out-of-time-appeal on September 10, 2021, appointing the Louisiana Appellate Project to represent Crosby on appeal.

For the reasons expressed herein, this Court AFFIRMS Crosby's guilty plea of second degree murder, but AMENDS the sentence of life imprisonment to be with benefit of parole consideration pursuant to La. R.S. 15:574.4F.

## FACTS AND PROCEDURAL HISTORY

On September 25, 2018, Crosby, who was seventeen years old at the time, and Alonzo Wilson ("Wilson"), were in the process of committing several burglaries in and around Greenacres Place neighborhood in Bossier

City, Louisiana, when Crosby and Wilson came to Kidd's house. Crosby and Wilson entered the garage of the dwelling, which was inhabited by Kidd, his wife, and his young child, with the intent to commit a theft therein, and with Crosby being armed. Kidd encountered Crosby and Wilson within the inhabited dwelling (Kidd's home); and while Kidd was pursuing Crosby away from the home, Crosby shot him. The gunshot wound ultimately resulted in Kidd's death.

Crosby was charged by bill of indictment with second degree murder while engaged in an aggravated burglary on December 10, 2018. She appeared in court on December 11, 2018, waived formal arraignment, and entered a plea of not guilty. On November 10, 2020, Crosby withdrew her former plea of not guilty and entered a plea of guilty to second degree murder, in exchange for the dismissal of the other charges of simple burglaries and theft of a firearm. She was sentenced on December 15, 2020, to life imprisonment at hard labor *without* benefit of parole, probation, or suspension of sentence. Crosby filed her own pro se application for post-conviction relief seeking an out-of-time appeal on May 24, 2021, alleging that her plea was not knowingly, intelligently, or voluntarily made and that trial counsel was ineffective. The court granted her out-of-time-appeal on September 10, 2021, appointing the Louisiana Appellate Project to represent Crosby on appeal.

## DISCUSSION

*Free and Voluntary Guilty Plea*

Crosby argues that the trial court erred in failing to inform her of the mandatory sentence of life imprisonment without benefits if she pled guilty, in accordance with La. C. Cr. P. art. 556.1, She claims that the court relied

2

solely on her affirmation that her attorney explained to her "the nature of the charge … the range for sentencing on that charge and the fact that the sentence would be up to the Court." Crosby further argues that this falsely led her to believe that there was a sentencing range for the crime charged. She claims that she was required to be informed in open court of the maximum sentence required to be imposed for her crime before entering her guilty plea and that the trial court failed to do so. She referenced the following portion of the trial court's colloquy:

> THE COURT:     Okay.   Now, you have the right to be represented by an attorney, previously have been represented by Mr. Fish now represented by Ms. Waltman.  They've explained this proceeding to you, … they've also explained to you the … nature of this charge, what's the, uh, range for sentencing on that charge and the fact that the sentence would be up to the Court. Do you understand that?
>
> MISS CROSBY:   Yes, sir.

Crosby urges that a guilty plea must be the free and voluntary choice of a defendant. *State v. Garth*, 622 So. 2d 1189 (La. App. 2 Cir. 1993).  As noted by this court in *State v. Lewis*, 32,892 (La. App. 2 Cir. 12/30/99), 749 So. 2d 914:

> In order for a guilty plea to be voluntarily and knowingly entered, the trial court must apprise a defendant of any mandatory minimum penalty and the maximum possible penalty for the offense to which he pled guilty. La. C. Cr. P. art. 556.1; *State v. Anderson*, 30,901 (La. App. 2 Cir. 8/19/98), 720 So. 2d 355; *State v. Clay*, 30,770 (La. App. 2 Cir. 5/13/98), 714 So. 2d 123; *State v. Garth*, *supra*.  The requirement of such advice includes the defendant's understanding of both the maximum and minimum sentence he faces by pleading guilty and any other direct sentencing consequences resulting from his plea. *State ex rel. LaFleur v. Donnelly*, 416 So. 2d 82 (La. 1982); *State v. Cassels*, 27,227 (La. App. 2 Cir. 2/28/96), 669 So. 2d 715, 717 and cases cited therein.

> La. C. Cr. P. art. 556.1 provides, in pertinent part:

3

A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

For guilty pleas entered after Aug. 15, 1997, La. C. Cr. P. art. 556.1 requires the trial court, prior to accepting a guilty plea, to inform the defendant of the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

Crosby recognizes that a guilty plea may be upheld despite a trial court's failure to inform defendants of the minimum and maximum penalties, but argues that her case is distinguishable. A defendant must be personally, in open court, informed of the mandatory minimum sentence and the maximum possible penalty under La. C. Cr. P. art. 556.1. Any variance from the procedures required that does not affect substantial rights of the accused shall not invalidate the plea. La. C. Cr. P. art. 556.1E. As stated by the Louisiana Supreme Court in *State v. Halsell*, 403 So. 2d 688, 690 (La. 1981), "while it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea."

Crosby points out that, unlike in *Halsell* where the defendant signed a waiver of rights form and admitted he had gone over the form paragraph by paragraph with his attorney, she never reviewed or executed any guilty plea forms or waiver of rights forms.

Crosby also claims that her case is distinguishable from *State v. Warren*, 42,699 (La. App. 2 Cir. 10/24/07), 968 So. 2d 909, *writ denied*, 07-

4

2485 (La. 8/14/20), 300 So. 3d 872, in which the court concluded that the failure of the trial court to inform the defendant of the minimum and maximum penalties, to be served without benefits, was not a material factor in the defendant's decision to plead guilty, as the defendant had consulted with his attorney about the nature and consequences of his plea, and he avoided additional sentencing exposure through the dismissal of the most serious charge, aggravated kidnapping, which carries a mandatory life sentence without benefits.

Crosby argues that she pled to the most serious charge, and although she had several simple burglaries and a theft of a firearm dismissed, she still received a sentence of life without benefits as apparently agreed upon, which would have been the case had the other charges not been dropped. She claims that under these circumstances, a direct colloquy with her, her attorney, or even her mother was warranted.

Crosby also acknowledges this Court's recent decision in *State v. Robertson*, 53,970 (La. App. 2 Cir. 6/30/21), 322 So. 3d 937, 942, which stated in part:

> Even though "advice with respect to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, [it] does not form part of the core *Boykin* requirements for the entry of a presumptively valid guilty plea." *State v. Anderson*, 98-2977 (La. 3/19/99), 732 So. 2d 517; *State v. Burford*, 39,610 (La. App. 2 Cir. 5/11/05), 902 So. 2d 1190, *writ denied*, 05-1573 (La. 1/27/06), 922 So. 2d 545.
>
> In *State v. Demease*, 33,047 (La. App. 2 Cir. 4/5/00), 756 So. 2d 1264, *writ denied*, 00-1488 (La. 5/25/01), 792 So. 2d 750, this Court determined that the trial court's failure to inform the defendant of the sentencing consequences or exposure before he pled guilty to the predicate offense did not result in constitutional infirmity. This Court stated that while advice as to a defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, it never formed part of the court's core *Boykin* requirements for the entry of a presumptively valid guilty plea.

5

Thus, there was no constitutional infirmity as to the failure to inform the defendant of sentencing consequences or exposure. *Id.*, citing *Anderson*, supra.

The record in the case *sub judice* shows that prior to accepting the guilty plea, the trial court advised Defendant of his substantive rights under *Boykin*. Defendant told the court that he understood his rights and understood he was waiving those rights by pleading guilty.

Although the 20-year sentence imposed may have been a longer term of imprisonment than Defendant expected, he confirmed to the trial court at the time of the plea that he had been advised by his attorney of the potential sentencing range for the offense. At his *Boykin* exam, Defendant was offered an open-ended plea deal, whereby his two other charges were dismissed, and he was to receive a sentence within the sentencing range provided by law. His guilty plea was voluntarily and knowingly given, and the trial court's failure to state his potential sentencing exposure on the record was harmless error.

Crosby again claims her case is clearly distinguishable from *Robertson*. The simple burglaries and a theft of a firearm charges were dismissed in exchange for her guilty plea in which she received life imprisonment without benefits, but she would have received the sentence even if the underlying charges had not been dismissed. Further, Crosby's merely responding "yes" when asked by the court if her current attorney, who enrolled the day of the hearing, or one of her former attorneys had explained the "range for sentencing on that charge and the fact that the sentence would be up to the Court" indicates that she could be sentenced to a term less than life at the discretion of the court. She asserts that the instructions by the court were incorrect and insufficient to comply with La. C. Cr. P. art 556.1. Crosby argues that, especially given that she was a juvenile at the time of the crime, she was not sufficiently apprised of the penalty of the crime; therefore, her guilty plea was not entered knowingly and willingly.

The State asserts that Crosby was informed of the maximum and minimum sentence and that the trial court properly advised Crosby of her rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). It further contends that the sentence imposed is not excessive and not constitutionally infirm.

During the guilty plea colloquy, defense counsel stated that she had discussed with Crosby the sentencing range and Crosby confirmed that both her current counsel as well as her prior counsel had explained the sentencing range to her. Defense counsel also stated during the colloquy that she believed that Crosby understood her rights and freely and voluntarily waived those rights. The record indicates that Crosby understood her *Boykin* rights during her guilty plea colloquy and received a benefit from the plea agreement.

The State refers to *Robertson*, *supra*, noting that, while the trial court may not have *directly* informed Crosby of the maximum sentence, it was confirmed that her counsel had informed her of the maximum sentence. It is not considered reversible error for a trial court to allow defense counsel to assume the trial court's role in informing the defendant of the minimum and maximum sentences the defendant would face at sentencing after a guilty plea. The State argues that the facts of *Robertson* are similar to the instant matter, in that the trial court did not state on the record the minimum and maximum sentence but rather confirmed on the record during the *Boykin* colloquy that defense counsel had informed Crosby of the sentencing range.

This Court agrees with the State's argument. Both Crosby and her counsel confirmed in open court that Crosby's attorney had explained and Crosby understood the nature of the charges and sentence. The judge's

7

reference to a sentencing "range" in the colloquy versus a specific explanation that there was a mandatory sentence is irrelevant. Referring to a "range" can reasonably be interpreted to include a set penalty, as is the case in second degree murder convictions. In addition, given the recent changes in juvenile sentencing at issue here, it would suffice to say that referring to a sentencing "range" was the safer form of reference to the mandatory sentencing. Crosby also had the opportunity to ask questions of her counsel and of the court throughout the plea and sentencing process if she needed any clarification of what she admits was explained by her counsel.

Further, the fact that she had more than one defense attorney over the course of three years is irrelevant. There is nothing in the record to show that her counsel failed to explain the nature of the charges and sentencing or that she was otherwise inadequately represented, and there is nothing to show that Crosby did not receive any benefit from the plea agreement.

*La. R.S. 15:574.4 F*

Crosby argues that the trial court erred in imposing her sentence without benefit of parole because she was seventeen years old when she committed the offense and she was indicted on December 10, 2018, since La. R.S. 15:574.4F provides for automatic parole eligibility for juvenile offenders indicted for second degree murder on or after August 1, 2017.

La. R.S. 15:574.4 F provides, in pertinent part:

Notwithstanding any provision of law to the contrary and except as provided in Subsection G of this Section, any person serving a sentence of life imprisonment for a conviction of second degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense and whose indictment for the offense is on or after August 1, 2017, shall be eligible for parole consideration if [certain] conditions have been met…

8

Crosby argues that because she meets the requirements of La. R.S. 15:574.4F, she should be automatically eligible for parole consideration under its terms. Accordingly, she claims that her sentence should be vacated and remanded to the trial court for resentencing.

The State urges that a trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Germany*, 43,239 (La. App. 2 Cir. 4/30/08), 981 So. 2d 792; *State v. Black*, 28,100 (La. App. 2 Cir. 2/28/96), 669 So. 2d 667, *writ denied* 96-0836 (La. 9/20/96), 679 So. 2d 430. It claims that the trial court carefully considered the provisions of La. C. Cr. P. art. 894.1 in its determination to sentence Crosby to life in prison without benefit of probation, parole, or suspension of sentence.

For those offenders convicted of second degree murder in Louisiana, La. R.S. 14:30.1 mandates a sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. However, the United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) held that a State's sentencing scheme that mandates life imprisonment without parole for those offenders under the age of eighteen at the time they committed a homicide offense, violates the Eighth Amendment prohibition against cruel and unusual punishment. *State v. Stewart*, 13-639 (La. App. 5 Cir. 01/31/14), 134 So. 3d 636, 639, *writ denied*, 14-0420 (La. 09/26/14), 149 So. 3d 260.

9

The State argues that *Miller* did not establish a categorical prohibition against life imprisonment without parole for juveniles, but rather required that a sentencing court consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles who have committed a homicide offense. *State v. Williams*, 12-1766 (La. 03/08/13), 108 So. 3d 1169; *See also State v. Fletcher*, 49,303 (La. App. 2 Cir. 10/01/14), 149 So. 3d 934, 943, *writ denied*, 14-2205 (La. 06/05/15), 171 So. 3d 945, *cert. denied*, 577 U.S. 904, 136 S. Ct. 254, 193 L. Ed. 2d 189 (2015).

The State claims that the trial court adequately considered the aggravating and mitigating factors of La. C. Cr. P. art. 894.1 when sentencing Crosby to life imprisonment without the possibility of parole and it has broad discretion. The State further argues that the sentence ordering Crosby to serve life in prison without benefit of parole was not grossly disproportionate to the seriousness of the offense and was not so disproportionate as to shock the court's sense of justice, and it does not impose needless and purposeless pain and suffering. It notes that the trial court found Crosby's actions to be especially egregious, the judge placing specific emphasis on the home invasion and the impact on the victim's family, including his young child.

The State urges that the life sentence imposed without benefit of parole was not excessive and should not be disturbed. However, it argues that, should this Court determine that the trial court erred in imposing a life sentence on a juvenile offender without benefit of parole, Crosby should nevertheless *not* be entitled to a full sentencing hearing with introduction of evidence because this Court has the ability to modify the sentence to include

the possibility of parole if and when all the conditions of La. R.S. 15:574.4 are met. *State v. Wise*, 52,937 (La. App. 2 Cir. 9/25/19), 281 So. 3d 809, *writ denied* 19-01955 (La. 7/17/20), 298 So. 3d 174.

We find that the trial court erred in imposing Crosby's sentence of life imprisonment without benefit of parole because this case clearly falls within the scope of La. R.S. 15:574.4F which *mandates* that juveniles convicted of second degree murder after August 1, 2017, be eligible for parole consideration upon meeting the criteria enumerated in the statute. Crosby was seventeen years old when she committed the offense of second degree murder. She was indicted for the crime after August 1, 2017. Accordingly, Crosby is automatically eligible for parole consideration pursuant to the terms of La. R.S. 15:574.4F.

The Louisiana legislature specifically amended La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4 to codify the holding in *Miller* that mandatory life without parole for juvenile offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment except in cases when a juvenile offender exhibits such irretrievable depravity that rehabilitation is impossible and life without parole is justified. *Miller*, *supra*. In dictating parole eligibility for the juvenile offender, La. R.S. 15:574.4 first distinguishes the type of offense, whether homicide or nonhomicide, and whether first or second degree murder. *Nonhomicide* juvenile offenders are automatically eligible for parole consideration no matter when they are indicted for the offense. Juveniles convicted of *first or second degree murder* indicted *before* August 1, 2017, are eligible for parole consideration only if a separate hearing has been conducted on the issue and a *judicial determination* made granting eligibility. Juveniles convicted of *first* degree

11

murder whose indictments are *on or after* August 1, 2017, are eligible for parole consideration only if a hearing is conducted and a *judicial determination* made granting eligibility. Juveniles convicted of *second* degree murder whose indictments are *on or after* August 1, 2017 – as is the case here – are automatically eligible for parole consideration with *no hearing requirement.*

However, we find that Crosby is *not* entitled to have her sentence vacated and the matter remanded for resentencing. Crosby's sentence of life imprisonment without benefit of parole is an illegal sentence as it is in clear violation of the requirements La. R.S. 15:574.4F and Crosby's Eighth Amendment right against cruel and unusual punishment as provided in *Miller*. An illegal sentence may be corrected at any time by the court that imposed the sentence *or by an appellate court on review*. La. C. Cr. P. art. 882.

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS Crosby's guilty plea of second degree murder but AMENDS the sentence of life imprisonment to be with benefit of parole consideration pursuant to La. R.S. 15:574.4F. Further, the Department of Corrections is ordered to revise Crosby's prison master to reflect that her sentence is no longer without benefit of parole and, in accordance with the criteria in La. R.S. 15:574.4, to reflect an eligibility date for consideration by the Board of Parole once the conditions of La. R.S. 15:574.4 are met.

**GUILTY PLEA AFFIRMED; SENTENCE AFFIRMED AS AMENDED.**