## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2024 KA 0377

## STATE OF LOUISIANA

## VERSUS

## KODY BYERS

*Judgment Rendered:*   DEC 1 3 2024

\* \* \* \* \* \* \* \*

Appealed from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Case No. 1900511, Division E

The Honorable Brenda Bedsole Ricks, Judge Presiding

\* \* \* \* \* \* \* \*

| | |
|---|---|
| Bertha M. Hillman<br>Covington, Louisiana | Counsel for Defendant/Appellant<br>Kody Byers |
| Scott M. Perrilloux<br>District Attorney<br>Brett Sommer<br>Assistant District Attorney<br>Livingston, Louisiana | Counsel for Appellee<br>State of Louisiana |

\* \* \* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Chutz, J. Concurs
by CHH

**THERIOT, J.**

The defendant, Kody Byers, was charged by bill of information with molestation of a juvenile where the victim is under the age of thirteen (count one), a violation of La. R.S. 14:81.2(D)(1); oral sexual battery (count two), a violation of La. R.S. 14:43.3; sexual battery (count three), a violation of La. R.S. 14:43.1; and domestic abuse battery with child endangerment (count four), a violation of La. R.S. 14:35.3(A)&(I). He initially entered a plea of not guilty but later pled guilty as charged as to each count. The trial court sentenced the defendant in accordance with a plea agreement to twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence on count one, ten years at hard labor on counts two and three, and two years at hard labor on count four. The trial court ordered the sentences to run concurrent with one another. The defendant now appeals, challenging the voluntariness of his guilty pleas. For the following reasons, we affirm the defendant's convictions and sentences.

## FACTS

As the defendant pled guilty, the facts in this matter were not fully developed. Discovery filed into the record was accepted as a factual basis for the plea. On Christmas night in 2018, Harleigh Byers, the defendant's wife, observed the defendant performing oral sex on K.B.,[1] her seven-year-old stepdaughter. Having been caught, the defendant got up from the bed, grabbed Harleigh's arm, and pushed her down on the bed. The defendant threatened Harleigh not to tell anyone about the incident. Harleigh was able to break free and called the police.

## VOLUNTARINESS OF PLEAS

In his sole assignment of error, the defendant alleges his guilty pleas were not knowing, voluntary, and freely given because he was misinformed regarding

---

[1] Herein, we reference the victim only by her initials. See La. R.S. 46:1844(W).

the sentencing range for molestation of a juvenile and regarding his ability to plead no contest via Zoom.

A guilty plea is a conviction and should be afforded a great measure of finality. An unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto and precludes their review by either appeal or post-conviction relief. **State v. Emerson**, 2023-0120 (La. App. 1st Cir. 9/15/23), 375 So.3d 1027, 1029.

For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against compulsory self-incrimination. See **Boykin v. Alabama**, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); **State v. Sheppard**, 2018-1412 (La. App. 1st Cir. 6/27/19), 2019 WL 2635678, *2 (unpublished). A guilty plea must be entered into knowingly and voluntarily. In determining whether the defendant's plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but also other factors that may have a bearing on the decision. See **Sheppard**, 2019 WL 2635678 at *2. What the accused understood is determined in terms of the entire record and not just certain "magic words" used by the trial court. Everything that appears in the record concerning the offense, as well as the trial court's opportunity to observe the defendant's appearance, demeanor, and responses in court should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. **Id.**

A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the **Boykin** colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. See **State v. Lewis**, 421 So.2d 224, 226 (La. 1982); **State v. McCoil**, 2005-658 (La. App. 5th Cir. 2/27/06), 924 So.2d 1120,

1124. The Louisiana Supreme Court has held a defendant's failure to make a formal motion to withdraw a guilty plea does not prohibit a constitutionally infirm guilty plea from being set aside either by means of appeal or post-conviction relief. **State v. Dixon**, 449 So.2d 463, 464 (La. 1984).

On appeal, the defendant first challenges the voluntariness of his pleas because the minimum sentence for the charge of molestation of a juvenile under the age of thirteen was misstated. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of the nature of the charge to which the plea is offered, any mandatory minimum penalty provided by law, and the maximum possible penalty provided by law. See La. Code Crim. P. art. 556.1(A)(1). Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence. La. R.S. 14:81.2(D)(1). However, the transcript of the **Boykin** hearing in the instant matter reflects that the State incorrectly stated that "[a]t least *five* years of the sentence shall be imposed without benefit of probation, parole, or suspension of sentence." (Emphasis added).

While the sentencing range for this offense appears to have been misstated, that does not negate the voluntariness of the defendant's plea. A review of the plea colloquy shows the defendant agreed to a sentence of "25 years without benefit" for the crime of molestation of a juvenile. The trial court then asked whether the defendant was fully advised of the nature of the charges against him and all of his legal and constitutional rights, to which defense counsel replied that he and the defendant "discussed all of [the defendant's] legal and constitutional rights and all of the requirements related to registration following his release." The trial court

4

then sentenced the defendant in accordance with the plea agreement without objection. Thus, the record indicates the defendant knowingly and voluntarily agreed to the minimum sentence of twenty-five years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence on count one. See **State v. Prestenbach**, 2021-528 (La. App. 5th Cir. 11/24/21), 347 So.3d 1087, 1094 n.7 (finding advisement of agreed-upon sentence sufficient for compliance with statute requiring court to inform defendant of sentencing range prior to accepting a guilty plea).

The defendant next challenges the voluntariness of his plea where the trial court incorrectly informed him that he could not enter a plea of no contest via audio-video transmission. A plea of no contest is equivalent to an admission of guilt and is treated as a guilty plea. See **State v. Oliver**, 2020-0190 (La. App. 1st Cir. 2/24/21), 321 So.3d 1033, 1037 n.5. Louisiana Code of Criminal Procedure article 556.1 sets forth each party's duty when a defendant enters a plea of guilty or no contest and provides, in pertinent part, that "[n]othing in this Article prohibits the court, by local rule, from providing for a defendant's appearance at the entry of his *plea of guilty or nolo contendere* by simultaneous audio-visual transmission in accordance with the provisions of Article 562." La. Code Crim. P. art. 556.1(F) (emphasis added).

Article 562, which governs the use of simultaneous audio-visual transmission for certain court proceedings, provides, in pertinent part, that an incarcerated defendant charged with a noncapital felony may "appear at the entry of his *plea of guilty*, at any revocation hearing for a probation violation, including any hearing for a contempt of court, and at sentencing by simultaneous audio-visual transmission[.]" La. Code Crim. P. art. 562(A) (emphasis added). Thus, while Article 556.1(F) specifically allows a defendant to plead guilty or no contest via audio-visual transmission, Article 562(A) refers only to guilty pleas.

The following exchange took place between the trial court and the defendant during the plea colloquy, which occurred via Zoom in December of 2020, during the COVID pandemic:

Q: Sir, we're still operating under COVID restrictions. You're at the jail. Your attorney is in the courtroom. At some point in the future with – if COVID restrictions lift, you may be able to be back in the courtroom. Do you want to put this off until a day you can be in a courtroom, or, after discussions with your attorney, do you want to go forward with the plea today?

A: Yes, ma'am.

Q: And you want to do that even though you're [Z]oomed in from the jail; is that correct?

A: Yes, ma'am.

Q: Sir, do you wish to enter a plea to this – all of these charges? And, if so, what will your plea be in connection with each?

A: I plead no contest.

Q: No, sir, because we're operating on Zoom you have to do a guilty plea if you want to enter a guilty plea.

A: Guilty.

The record reflects the trial court offered the defendant the opportunity to postpone his plea until he could be present in court, which the defendant declined. Moreover, when the trial court informed the defendant he could not enter a no contest plea via Zoom, the defendant immediately entered a plea of guilty without objection. Finally, to the extent the trial court's refusal to accept the defendant's no contest plea via Zoom was unsupported by Article 556.1(F), any error is subject to a harmless error analysis. See **State v. Phillips**, 99-1629 (La. App. 1st Cir. 5/12/00), 762 So.2d 172, 174; **State v. Wells**, 54,890 (La. App. 2d Cir. 12/14/22), 352 So.3d 584, 588, writ denied, 2023-00037 (La. 9/6/23), 369 So.3d 1270; **State v. Thomas**, 2020-97 (La. App. 5th Cir. 11/4/20), 306 So.3d 568, 575. Herein, the defendant failed to demonstrate how the trial court's refusal to accept his no contest plea via Zoom caused him prejudice. If the defendant wanted to enter a no

contest plea, the trial court gave him the opportunity to do so by simply postponing the hearing until he was able to appear before the court in person. The defendant made no attempt to postpone the hearing and instead voluntarily entered a plea of guilty. Thus, any error on behalf of the trial court was harmless and this assignment of error is without merit.

**CONVICTIONS AND SENTENCES AFFIRMED.**